# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

April 29, 2013

**Before**

MICHAEL S. KANNE, *Circuit Judge*

JOHN D. TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2037

| | |
|---|---|
| NORTHEASTERN RURAL ELECTRIC MEMBERSHIP CORPORATION, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:11-cv-00144-SEB-DML |
| WABASH VALLEY POWER ASSOCIATION, <br> *Defendant-Appellee*. | Sarah Evans Barker, *Judge*. |

## O R D E R

On consideration of the petition for rehearing en banc, filed on March 8, 2013 , all judges on the original panel have voted to deny the petition for panel rehearing, and no judge in active service has requested a vote for rehearing en banc.

Accordingly, the petition for rehearing en banc is **DENIED**.

On page three of the slip opinion issued February 22, 2013, the third sentence of the new, full paragraph is hereby **AMENDED** as follows:

> The denial of a motion to remand ordinarily cannot ~~be appealed~~ provide a basis for appellate jurisdiction before a final judgment, see 28 U.S.C. § ~~1447(d)~~1292, but here we have jurisdiction over the denial of the motion to remand because it is "inextricably intertwined" with the appealable preliminary injunction.

As amended, the sentence shall now read:

> The denial of a motion to remand ordinarily cannot provide a basis for appellate jurisdiction before a final judgment, see 28 U.S.C. § 1292, but here we have jurisdiction over the denial of the motion to remand because it is "inextricably intertwined" with the appealable preliminary injunction.